United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sherese Godschild, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-61461-Civ-Scola |
| | ) |
| Lauren Turner, Esq. and L. Turner Law P.A., Defendants. | ) |

### Order

     The case is before the Court upon an independent review of the record. For the reasons set forth below, the Court **grants** Plaintiff Sherese Godschild's motion to proceed *in forma pauperis* (**ECF No. 3**) but **strikes** her complaint (**ECF No. 1**), with leave to amend.

     Godschild's complaint appears to relate to a dispute with her attorney and the attorney's law firm about fees and their representation of her in another case. The legal and factual bases for Godschild's complaint, however, are not entirely clear. Among the causes of actions or claims Godschild identifies are the following: violations of her right to privacy; false representation; breach of contract; discrimination; emotional distress; financial distress; violations of the Fair Debt Collections Practices Act; and violations of the Fifth, Ninth, and Fourteenth Amendment and other constitutional rights. As a result of her claims against Defendants Lauren Turner and L. Turner Law P.A., Godschild seeks $8,001 and "a greater amount based on each violation of the USC and the Constitution." (Compl. at 4.) The facts supporting these claims are not entirely clear. As best the Court can discern, Godschild's grievances stem from, among other things, the Defendants' issuing her inaccurate invoices; improperly characterizing her attempts to renegotiate the parties' contract as "based in greed"; attempting to collect amounts not due; and inappropriately seeking her private banking and financial information. (*Id.* at 4–5.)

     Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

     Godschild's pleading here is an unacceptable shotgun pleading for several reasons. First, Godschild fails to set forth facts to fully support any of her claims. And, to the extent there may be discernable facts alleged, there is no way of knowing how or why those facts support any of the several claims she lists. Second, much of Godchild's complaint is composed of somewhat disconnected and difficult to parse legal conclusions, the support for which is unclear. Third, all Godschild's claims appear to be bunched into one giant count. Because of these deficiencies, the Court is unable to discern whether Godschild has stated a claim upon which relief may be granted.

Further, the Court is not convinced it has jurisdiction over this complaint. Although Godschild recites several federal questions, that could support jurisdiction, the Court is unable to satisfy itself that any of those claims is properly pleaded or viable against these Defendants. Instead, it appears Godschild's grievances against the Defendants all likely arise under state law. And, to the extent Godschild seeks to avail herself of the Court's diversity jurisdiction, she has neither alleged the parties' citizenships nor established that the jurisdictional threshold has been met.

Based on both the pleading and jurisdictional-allegation deficiencies, the Court strikes Godschild's complaint. Although "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a *pro se* litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015). In its current form, Godschild's complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up).

Accordingly, the Court **strikes** Godschild's complaint (**ECF No. 1**) and instructs her to **replead** her case through an amended complaint, if she can, *in good faith*, allege facts directly supporting at least one viable claim for relief against the Defendants, or at least one of them, as well as facts establishing a basis for the Court's subject-matter jurisdiction. Godschild is cautioned to plead only facts that are tethered to a viable cause of action against each Defendant and to identify which facts relate to which cause of action and which Defendants. Further, in compliance with Federal Rule of Civil Procedure 10(b), Godschild must state her claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs Godschild to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to make sure that she endeavors to separate different causes of actions, to the extent there is more than one, into separate, numbered counts.

Godschild must file her amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **October 19, 2022**. Godschild is forewarned that if she fails to timely comply with this order, her complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any other pending motions are denied as moot.

**Done and ordered** at Miami, Florida, on September 28, 2022.

_____
Robert N. Scola, Jr.
United States District Judge